UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CHRISTOPHER ALLEN DISNEY,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,[1] Commissioner of Social Security,<br><br>Defendant. | Case No. 2:18-cv-01648-DJA<br><br>**ORDER** |

This matter involves the review of an administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff Christopher Allen Disney's ("Plaintiff") applications for disability insurance benefits under Title II of the Social Security Act and supplemental security income under Title XVI of the ACT. The Court has reviewed Plaintiff's Motion for Reversal and/or Remand (ECF No. 18), filed on May 8, 2019, and the Commissioner's Response and Cross-Motion to Affirm (ECF Nos. 23-24), filed on July 26, 2019. Plaintiff filed a Reply (ECF No. 25), with duplicative filings (ECF Nos. 26-27), on August 2, 2019.

**I.     BACKGROUND**

**1.     Procedural History**

Plaintiff applied for disability insurance benefits on February 6, 2015 and for supplemental security income on February 25, 2015, alleging an onset date of December 15, 2008. AR[2] 196-203. Plaintiff's claims were denied initially, and on reconsideration. AR 111-

---

[1] Andrew Saul is now the Commissioner of Social Security and substituted as a party.

[2] AR refers to the Administrative Record in this matter. (Notice of Manual Filing (ECF No. 14).)

126, 128-140. A hearing was held before an Administrative Law Judge ("ALJ") on April 10, 2017. AR 29-52. On October 11, 2017, the ALJ issued a decision denying Plaintiff's claim. AR 12-28. The ALJ's decision became the Commissioner's final decision when the Appeals Council denied review on June 5, 2018. AR 1-6. On August 30, 2018, Plaintiff commenced this action for judicial review under 42 U.S.C. §§ 405(g). (*See* Motion/Application for Leave to Proceed *in forma pauperis*. (ECF No. 1).)

**2. The ALJ Decision**

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520, 416.920.[3] AR 12-28. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from the alleged onset date of December 15, 2008 through the date of the decision. *Id.* at 17. At step two, the ALJ found that Plaintiff had medically determinable "severe" impairments of degenerative disc disease of the lumbar spine, peripheral neuropathy, diabetes mellitus, obesity, and hypertension. *Id*. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id*. at 18.

The ALJ found that Plaintiff has the residual functional capacity to perform the full range of sedentary work as defined in 20 CFR 404.1567(a). *Id*. At step four, the ALJ found that Plaintiff is not capable of performing any past relevant work. *Id.* at 22. At step five, the ALJ found Plaintiff to be a younger individual age 18-44 on the alleged disability onset date, have at least a high school education, able to communicate in English, and transferability of job skills not material, and there are jobs that exist in significant numbers in the national economy that he can perform. *Id.* at 22-23. The ALJ found the Medical-Vocational Rule 201.28 directs a finding of not disabled. AR 23. Accordingly, the ALJ concluded that Plaintiff was not under a disability at any time from December 15, 2008 through the date of the decision. *Id*.

///

---

[3] The regulations relevant to Title II and Title XVI claims are almost identical; the Court will only cite Title II regulations for the remainder of this Order.

## II. DISCUSSION

### 1. Standard of Review

Administrative decisions in social security disability benefits cases are reviewed under 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) states: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.* The Ninth Circuit reviews a decision affirming, modifying, or reversing a decision of the Commissioner de novo. *See Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir. 2004).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson*, 359 F.3d at 1193. When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation.

*See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue before the court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence. It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

### 2. Disability Evaluation Process

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of his/her claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform his/her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he/she can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. *Id.* § 404.1572(a)-(b). If

the individual is engaged in SGA, then a finding of not disabled is made. If the individual is not engaged in SGA, then the analysis proceeds to the step two. Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities. *Id.* § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. *Id.* § 404.1521; *see also* Social Security Rulings ("SSRs") 85-28, 96-3p, and 96-4p.[4] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R. § 404.1520(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four.

Before moving to step four, however, the ALJ must first determine the individual's residual functional capacity ("RFC"), which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. § 404.1520(e); see also SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to

---

[4] SSRs constitute the SSA's official interpretation of the statute and regulations. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1223 (finding ALJ erred in disregarding SSR 82-41).

which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; *see also* SSRs 96-4p and 16-3p. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must evaluate the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

Step four requires the ALJ to determine whether the individual has the RFC to perform his/her past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years before the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b) and 404.1565. If the individual has the RFC to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his/her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). If he/she is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Yuckert*, 482 U.S. at 141-42.

**3. Analysis**

    **a. Whether the ALJ's Opinion Evidence Assessment Is Supported**

Plaintiff contends that the ALJ rejected the medical opinions of Dr. Jerrold Sherman, Dr. Paterno Jurani, and Dr. Leslie E. Arnold without providing specific and legitimate reasons for doing so. (ECF No. 18, 10). He claims there were not clear and convincing reasons to reject these opinions supporting a reduced range of sedentary work and highlights the ALJ's

contradictory statement was that the opinions were less restricting than the record supports while the assigned RFC was for a full range of sedentary work. (*Id.* at 11-13). Plaintiff also argues that the ALJ took the medical records out of context as they actually showed a decline after spinal surgery. (*Id.* at 13-14). As a result, Plaintiff claims this is not a harmless error because the Vocational Expert (VE) opined that the RFC limitation in Dr. Sherman's opinion would result in a finding of disabled. (*Id.* at 14).

The Commissioner responds that the ALJ does not need to adopt every limitation assessed by the doctors as she is the final arbiter. (ECF No. 23, 4). Further, the Commissioner classifies Dr. Sherman's consultative examiner opinion as assigning a sedentary to light exertional requirement with additional non-exertional limitations. (*Id.* at 5-7). The Commissioner also similarly characterizes the State agency opinions form Dr. Jurani and Dr. Arnold as recommending a sedentary to light exertional limitation with additional non-exertional limitations. (*Id.* at 7-8). Further, the Commissioner contends that the ALJ's omission of postural non-exertional limitations is harmless as sedentary jobs require infrequent stooping, balancing, crouching or climbing. (*Id.* at 8).

Plaintiff replies that the ALJ's failure to resolve her conflicting statement that the reduced range of sedentary opinions were less restrictive than the record supported while assigning a more restrictive RFC of the full range of sedentary work is harmful error. (ECF No. 25, 2). Specifically, Dr. Sherman's opinion could not be classified as suggesting light work due to the recommendation that Plaintiff only stand/walk 2 hours in an eight hour day and sit 4 hours in an eight hour day while Dr. Jurani and Dr. Arnold opined Plaintiff could sit 6 hours in an eight hour day. (*Id.* at 3-5).

The Court understands the Commissioner's argument that the three opinions at issue recommend an exertional requirement for lifting and carrying that could be classified at the light level, but agrees with Plaintiff that the determinative factor for whether their opinions actually assessed Plaintiff with a sedentary RFC is the standing/walking and sitting limitations. As such, the Court views the opinions of Dr. Sherman, Dr. Jurani, and Dr. Arnold as recommending a reduced sedentary RFC, which means they are actually more restrictive than the assigned RFC for

the full range of sedentary work with no non-exertional limitations.  Indeed, even the Commissioner concedes that that definition of sedentary work includes walking and standing occasionally while light work requires a good deal of walking or standing or sitting most of the time.  (ECF No. 23, fn. 4 citing 20 C.F.R. § 404.1567(a)).  "Occasionally" is defined as occurring up to one-third of the time, and those capable of sedentary work must be able to stand or walk for up to two hours of an eight-hour workday and to sit for up to six hours of an eight-hour workday.  SSR 83-10.

Moreover, even if the Commissioner's argument is to be credited that the exertional limit recommended by Dr. Sherman, Dr. Jurani, and Dr. Arnold could be characterized at the light level, the ALJ provides only one conclusory sentence to indicate why she rejects their opinions – including the non-exertional limitations they assigned that she did not included in the RFC finding.  The Court's review of the opinions reveals that they were entirely consistent with the medical evidence.

For Dr. Sherman, the ALJ simply summarizes the opinion and then concludes it is "less restricting than the record supports . . . [so she gives it] some weight."  AR 21.  This is clearly insufficient under Ninth Circuit precedent that requires specific reasons for rejecting the opinion of an examining physician.  *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir.2014).  It is unknown why the ALJ rejected the non-exertional limitations and the sitting limitation of four hours in Dr. Sherman's opinion.  The ALJ did not cite to any contradicting medical opinion of another physician as a reason why she only afforded Dr. Sherman's opinion some weight and no such opinion exists.  Although the ALJ did provide a summary of the medical evidence of record that she identified as supporting the assigned RFC, the Court is unable to conclude that the ALJ specifically highlighted any conflicting medical evidence in her evaluation of the weight to be assigned to Dr. Sherman.  Likewise, the ALJ stated she "**failed** to consider the opinions by the state agency medical consultants" and yet goes on to cite the same conclusory reasons for affording some weight to Dr. Jurani and Dr. Arnold's opinions – they are "less restricting than the record supports."  AR 21 (emphasis added).  'The ALJ must do more than state conclusions . . .

[she] must set forth . . . [her] own interpretations and explain why they, rather than the doctors', are correct.'" *Garrison*, 759 F.3d at 1012 (citation omitted).

Accordingly, the ALJ erred by failing to provide specific and legitimate reasons supported by substantial evidence in the record concerning her rejection of Dr. Sherman, Dr. Jurani, and Dr. Arnold's opinions. This is of consequence because while the RFC accommodated many of Plaintiff's limitations, it said nothing about the Dr. Sherman's limitation to sitting only four hours in an eight hour workday rather than the assigned RFC that permits sitting six hours. Similarly, the additional non-exertional limitations opined by Dr. Jurani, and Dr. Arnold of occasionally climb ladders, ropes, scaffolds, ramps, stairs, stoop, crouch, crawl, and kneel were not addressed and it is unclear what erosion those limitations would have on the sedentary work base.

The Court notes that it is not clear that a more restrictive sedentary RFC would result in a finding of disabled for Plaintiff. Here, the ALJ relied on Medical-Vocational Rule 201.28 to direct a finding of not disabled at step five so no vocational expert testimony was cited in the decision. AR 23. Further, the Court's review of the VE testimony from the hearing does not permit it to infer that a finding of disabled would be found if additional non-exertional limitations consistent with the opinions of Dr. Sherman, Dr. Jurani, and Dr. Arnold were added to Plaintiff's RFC. AR 46-50. As such, remand is necessary as this was not a harmless error and additional development of the record with vocational expert testimony is needed.

### b. Whether the ALJ's RFC Is Supported

Similar to Plaintiff's argument that the ALJ's opinion evidence assessment is flawed, he also argues that the assigned RFC is not supported by substantial evidence because there is no medical opinion that he can perform the full range of sedentary work and the three opinions the ALJ rejected opined that a reduced sedentary RFC was warranted. (ECF No. 18, 14-15).

The Commissioner responds that this argument is duplicative of Plaintiff's first argument and fails for the same reasons – the ALJ properly evaluated the medical opinion evidence and the assigned RFC is supported by the record as a whole. (ECF No. 23, 9).

Plaintiff replies that the ALJ's statement that Plaintiff was more restricted than Dr. Arnold and Dr. Jurani suggested is inconsistent with the assigned RFC. (ECF No. 25, 5). Given that the

ALJ rejected the opinion evidence and utilized her own assessment of the record, Plaintiff claims remand is appropriate. (*Id.* at 6).

If the record will support more than one rational interpretation, the court must uphold the Commissioner's interpretation. *See Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). The ALJ's findings in this case are not supported by the record and inferences reasonably drawn from the record. As stated above, there is an unresolved conflict in the examining and non-examining opinions that assessed a less than sedentary RFC, the ALJ's characterization of those opinions as being less restrictive than what the record supports, and the ultimate full range of sedentary work RFC that the ALJ assigned. The ALJ's RFC assessment did not address all of the functional limitations set forth by the opinions of Dr. Sherman, Dr. Jurani, and Dr. Arnold. Given that VE testimony is required to determine if a step five finding of not disabled would be supported if there are any additional non-exertional limitations added to the RFC, the Court must remand for further proceedings as this was not a harmless error.

      **c.**    **Whether the ALJ's Subjective Testimony Evaluation Is Supported**

Plaintiff argues that the ALJ failed to identify legally sufficient reasons for failing to fully credit his subjective testimony. (ECF No. 18, 15-17). He also argues that the ALJ's reliance on the objective medical findings and Plaintiff's activities of daily living as reasons to discredit Plaintiff's credibility is not justified. (*Id.* at 17-19).

The Commissioner responds that the Ninth Circuit utilizes a clear and convincing reasons standard, but argues it is inconsistent with the deferential substantial evidence standard. (ECF No. 23, 10). However, the Commissioner argues that even under the clear and convincing reasons standard, the ALJ's subjective testimony evaluation is supported as she considered the objective findings that contradicted Plaintiff including improvement after surgery and his activities of daily living. (*Id.* at 11).

Plaintiff replies that the ALJ merely provided a boilerplate statement on credibility that does not comply with Ninth Circuit law requiring clear and convincing reasons for rejecting Plaintiff's testimony on his subjective symptoms. (ECF No. 25, 6). He also argues that the ALJ's sole reliance on the contrary objective medical evidence to discredit Plaintiff is remandable

error. (*Id.* at 7). Finally, Plaintiff claims that the ALJ's notes regarding alleged improvement and daily activities are not clear and convincing reasons to reject Plaintiff's testimony and cannot be considered by the Court. (*Id.* at 8).

While an ALJ must consider a plaintiff's representations about his symptoms and limitations, his statements about his "pain or other symptoms will not alone establish that" he is disabled. 20 C.F.R. § 404.1529(a). In fact, an "ALJ cannot be required to believe every allegation of [disability], or else disability benefits would be available for the asking, a result plainly contrary to [the Act]." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). However, absent affirmative evidence that the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be clear and convincing. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014). Specifically, the ALJ must state why the testimony is unpersuasive and point to what testimony or evidence undermines the claimant's testimony. *See, e.g., Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007) (upholding ALJ's credibility determination when he pointed out numerous lab results that contradicted his subjective complaints); *see also Robbins v. Social Sec. Admin.*, 466 F.3d 880, 884-85 (9th Cir. 2006) (ALJ required to provide a "narrative discussion" and state specific evidence in the record supporting an adverse credibility finding). As the Ninth Circuit has recognized, this is not an easy requirement to meet because the "clear and convincing standard is the most demanding required in Social Security cases." *Garrison*, 759 F.3d at 1015 (quoting *Moore v. Comm'r Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

The ALJ "may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch*, 400 F.3d at 680. This is because the lack of an objective medical basis is just one factor in evaluating the credibility of a claimant's testimony and complaints. *See Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc). Moreover, the Court notes that SSR 16-3 clarified that the ALJ no longer has to make credibility findings, but rather, evaluate the extent to which the alleged functional limitations and restrictions due to pain and other symptoms are consistent with the other evidence. An ALJ's decision is sufficiently supported when the ALJ summarizes facts and conflicting clinical evidence in a detailed and thorough fashion, stating her interpretation and making findings.

*Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989) (noting that case law does not require an ALJ to expressly state: I reject __ because of __ reason). If "evidence can support either affirming or reversing the ALJ's decision," the Court may not substitute its judgment for that of the ALJ's. *Robbins*, 466 F.3d at 882.

Here, the Court finds that the ALJ did not properly articulate clear and convincing reasons for rejecting Plaintiff's testimony. She merely summarized the medical treatment in the record, which could be construed to support the assigned RFC such as, Plaintiff's symptoms improved after undergoing back surgery, he had a gap in treatment between September 2009 and October 2012, and normal gait with no acute distress as of August 2015. AR 19-20. "[P]roviding a summary of medical evidence in support of a residual functional capacity finding is not the same as providing clear and convincing reasons for finding the claimant's symptom testimony not credible." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015).

Also, the ALJ appeared to focus on Plaintiff's statements regarding certain activities of daily living like ability to drive, picking up and dropping off his kids at school, preparing meals, doing laundry, and grocery shopping. AR 21. However, they do not rise to the level of inconsistent statements that would warrant discrediting his subjective testimony. *See Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) ("ALJ may consider inconsistencies either in the claimant's testimony or between the testimony and the claimant's conduct."); *see also Valentine v. Astrue*, 574 F.3d 685, 694 (9th Cir. 2009) (ALJ properly found claimant "demonstrated better abilities than he acknowledged in his written statements and testimony"). After a careful review of the ALJ's evaluation of Plaintiff's alleged limitations and pain and other symptoms, the Court finds that she did not comply with SR 16-3 and the Ninth Circuit standard. *See Burch*, 400 F.3d at 679. This is not a harmless error because Plaintiff's testimony supports finding a more restrictive RFC than the full range of sedentary that was assigned. Therefore, the Court concludes that the ALJ's must also address the subjective testimony evaluation upon remand.

### d. Whether Remand or an Award of Benefits Is Appropriate

"The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court." *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir.

2017) (citation and quotation marks omitted); *see also Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017), as amended January 25, 2018 (The credit-as-true "rule itself permits, but does not require, a direct award of benefits on review."). "[I]f additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded for further proceedings." *Revels*, 874 F.3d at 668 (citation and quotation marks omitted). "An automatic award of benefits in a disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon*, 880 F.3d at 1044 (citation omitted). That is to say, "[w]hen the ALJ denies benefits and the court finds error, the court ordinarily must remand to the agency for further proceedings before directing an award of benefits." *Id.* at 1045 (citation omitted).

Here, the Court finds that there is a basis to remand because the ALJ failed to provide legally sufficient reasons for rejecting portions of the opinions of Dr. Sherman, Dr. Jurani, and Dr. Arnold. Also, there is a conflict that the ALJ failed to resolve in that she characterized their opinions as less restrictive than the record supported while assigning an even less restrictive RFC than they opined was warranted. Further, the ALJ did not provide clear and convincing reasons for rejecting Plaintiff's testimony as she merely summarized the medical evidence. Therefore, these two issues of the opinion evidence assessment and subjective testimony evaluation should be resolved by the ALJ on remand. If Plaintiff is determined to warrant additional limitations consistent with the opinions of Dr. Sherman, Dr. Jurani, and Dr. Arnold, then the ALJ should consult a vocational expert regarding whether he is then precluded from sedentary work. An award of benefits is not appropriate under these circumstances as the record is not fully developed.

### III. CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Remand (ECF No. 18) is **granted** subject to the modification that it be remanded for further proceedings consistent with the terms of this Order.

IT IS FURTHER ORDERED that the Commissioner's Cross-Motion to Affirm (ECF No. 23) is **denied**.

IT IS FURTHER ORDERED that the Clerk of the Court shall strike Plaintiff's Reply (ECF No. 26) and Response (ECF No. 27) as they are duplicative filings of Reply (ECF No. 25).

The Clerk shall enter judgment accordingly and close the case.

DATED: February 27, 2020

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE